UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| NEXT WINE, LLC, | No. 2:17-cv-01282-TLN-EFB |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING COUNTERDEFENDANT NEXT WINE, LLC'S MOTION TO DISMISS** |
| BOGLE VINEYARDS, INC., | |
| Defendant. | |
| BOGLE VINEYARDS, INC., | |
| Counterclaimant, | |
| v. | |
| NEXT WINE, LLC, | |
| Counterdefendant. | |

This matter is before the Court pursuant to Counterdefendant Next Wine, LLC's ("Next Wine") Motion to Dismiss. (ECF No. 11.) Counterclaimant Bogle Vineyards, Inc. ("Bogle") filed an opposition, (ECF No. 13), and Next Wine filed a reply, (ECF No. 15). For the reasons set forth below, the Court DENIES Next Wine's Motion to Dismiss. (ECF No. 11)

///

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 22, 2017, Next Wine filed a complaint against Bogle seeking a declaratory judgment of non-infringement of Bogle's trademark. (ECF No. 1.) On July 18, 2017, Bogle filed an answer, as well as the following counterclaims: (1) Trademark Infringement; (2) False Designation of Origin; (3) Unfair Competition; (4) Restitution for Unjust Enrichment; and (5) Cancellation of Registered Trademarks. (ECF No. 8.) Next Wine now moves to dismiss all of Bogle's counterclaims on the basis that they are precluded under prosecution history estoppel. (ECF No. 11.)

Bogle's counterclaims allege the following. Bogle is a family-owned business that has been growing grapes in the Clarksburg, California area since 1968. (ECF No. 8 ¶ 7.) In April 2012, Bogle began selling a premium red blend table wine under the trademark ESSENTIAL RED. (ECF No. 8 ¶ 10.) While Bogle's main label features the Bogle trademark and logo, consumers differentiate between various Bogle wines by the secondary ESSENTIAL RED trademark. (ECF No. 8 ¶ 10.) Consumers who are looking for a red blend will purchase ESSENTIAL RED based on the trademark on the label. (ECF No. 8 ¶ 10.) Since 2012, Bogle has sold over 14 million bottles of ESSENTIAL RED wine, which is distributed in all fifty states and is sold at the winery, in wine shops, in restaurants, over the internet, in other licensed retail outlets, and at chain retailers such as Total Wines, Costco, Safeway, Kroger, and Whole Foods. (ECF No. 8 ¶¶ 11–12.) Through extensive promotional and sales efforts, Bogle has developed an extensive amount of goodwill in the ESSENTIAL RED brand and it has become an extremely valuable asset to Bogle. (ECF No. 8 ¶ 14.)

Next Wine is a "virtual winery" that contracts with third parties to make and distribute wine bearing its trademarks. (ECF No. 8 ¶ 20.) In 2012, Next Wine developed a brand name for a wine, MY ESSENTIAL, to use on a California red blend wine. (ECF No. 8 ¶ 21.) On information and belief, Next Wine sells its wine at retail outlets and certain chain retailers, such as Whole Foods. (ECF No. 8 ¶ 21.) In 2012, Next Wine retained a law firm to file a trademark application for MY ESSENTIAL. (ECF No. 8 ¶ 22.) On information and belief, that firm did a trademark search prior to filing the application, which disclosed Bogle's ESSENTIAL RED

trademark. (ECF No. 8 ¶ 22.) Nevertheless, on June 12, 2012, Next Wine filed a trademark application for MY ESSENTIAL. (ECF No. 8 ¶ 22.) The Statement of Use filed for that application claims a first use date of January 10, 2013. (ECF No. 8 ¶ 22.) In addition to obtaining a trademark registration for MY ESSENTIAL (No. 4,499,104), Next Wine has also obtained trademark registrations for MY ESSENTIAL RED (No. 4,325,914), MY ESSENTIAL ROSÉ (No. 4,552,519), and MY ESSENTIAL CABERNET (No. 4,718,110). (ECF No. 8 ¶¶ 22–23.) Next Wine has pending trademark applications for MY ESSENTIALWHITE (No. 87/140,357), MY ESSENTIAL PINOT NOIR (No. 87/272,060), and MY ESSENTIAL SAUVIGNON BLANC (No. 87/432,248). (ECF No. 8 ¶ 23.)

On August 1, 2013, Bogle filed an application with the United States Patent and Trademark Office ("USPTO") to register the ESSENTIAL RED trademark. (ECF No. 8 ¶ 16.) However, the USPTO refused to register Bogle's mark because of Next Wine's prior registrations of MY ESSENTIAL and MY ESSENTIAL ROSÉ. (ECF No. 8 ¶ 16.) According to Next Wine, Bogle responded to the USPTO's refusal to register its mark "by primarily arguing that ESSENTIAL RED was not likely to cause confusion with Next Wine's MY ESSENTIAL RED." (ECF No. 11 at 3.) However, Bogle then petitioned the Trademark Trial and Appeal Board ("TTAB") to cancel Next Wine's registrations. (ECF No. 8 ¶ 24.) Bogle now maintains that it has priority and that there is a likelihood of confusion between the marks. (ECF No. 8 ¶¶ 27–28.) Next Wine requested two extensions to answer the petition in an effort to reach a settlement. (ECF No. 8 ¶ 24.) Before the expiration of the extension period, Next Wine filed the instant declaratory relief action and a motion to suspend the TTAB proceedings pending the outcome of the instant litigation. (ECF No. 8 ¶ 24.) The motion to suspend the TTAB proceedings was granted. (ECF No. 8 ¶ 24.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading

in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. RingrosHee*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[] [his or her] claims

. . . across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Next Wine argues Bogle's counterclaims should be dismissed under the theory of prosecution history estoppel. (ECF No. 11 at 5.) Specifically, Next Wine asserts that when Bogle was attempting to secure a trademark with the USPTO, Bogle argued that ESSENTIAL RED was not likely to cause confusion with Next Wine's MY ESSENTIAL RED. (ECF No. 11 at 3.) Therefore, Next Wine maintains that Bogle is now barred from claiming that MY ESSENTIAL RED is likely to cause confusion with ESSENTIAL RED. (ECF No. 11 at 5–7.) Bogle responds that prosecution history estoppel only applies to patent claims, not trademark infringement claims. (ECF No. 13 at 3–6.)

The Court agrees with Bogle. Next Wine "fails to point to any legal authority that prosecution history estoppel—a rule of patent jurisprudence[]—has any application in a trademark dispute." *Davis v. Lost Int'l LLC*, No. CV 12-8002 GAF (MANx), 2013 U.S. Dist. LEXIS 199179, at *14 (C.D. Cal. Apr. 8, 2013). Rather, the case law cited by Next Wine

"suggests only that statements made to the [USPTO] in the process of registering a trademark are merely persuasive, not binding." *Id.* (citing *Freedom Card, Inc. v. JP Morgan Chase & Co.*, 432 F.3d 463, 476 (3d Cir. 2005); *Petro Stopping Ctrs., L.P. v. James River Petroleum*, 130 F.3d 88, 94 (4th Cir. 1997); *Hansen Beverage Co. v. Cytosport, Inc*, No. CV 09-0031-VBF(AGRx), 2009 U.S. Dist. LEXIS 120508, at *23–24 (C.D. Cal. Nov. 4, 2009); *Eniva Corp. v. Glob. Water Sols., Inc.*, 440 F. Supp. 2d 1042, 1049 (D. Minn. 2006)). As explained in *Eniva*, "courts that have allowed the use of statements made to the USPTO generally consider them only as one factor used to evaluate whether likelihood of confusion exists." 440 F. Supp. 2d at 1049. Further, none of the cases cited by Next Wine were decided at the motion to dismiss stage. It is simply not appropriate for the Court, at this early stage in litigation, to weigh Bogle's prior statements made to the USPTO. *See Davis*, 2013 U.S. Dist. LEXIS 199179, at *14 ("At this early stage, even if Plaintiff's prior statements are persuasive evidence, it is inappropriate to weigh such evidence now."). Therefore, the Court denies Next Wine's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Next Wine's Motion to Dismiss. (ECF No. 11.) The parties are hereby ordered to file a Joint Status Report within thirty (30) days of this Order.

IT IS SO ORDERED.

Dated: December 17, 2018

Troy L. Nunley
United States District Judge